CHICK COKER PONTIAC, INC., Appellant,

v.

The HOME INDEMNITY COMPANY and the Travelers Indemnity Company, Appellees.

No. 43987.

Supreme Court of Oklahoma.

July 18, 1972.

Burck Bailey, Fellers, Snider, Baggett, Blankenship & Bailey, Oklahoma City, for appellant.

Robert L. Huckaby, Watts, Looney, Nichols & Johnson, Oklahoma City, for appellee, The Home Indemnity Co.

**442**

Lynn J. Bullis, Jr., Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for appellee, The Travelers Indemnity Co.

IRWIN, Justice:

This proceeding was commenced by Appellant, Chick Coker Pontiac, Inc. (plaintiff), against the Appellees (defendants) to recover under the terms of insurance policies issued by defendants insuring plaintiff for losses sustained through "Employee's Dishonesty". The trial court sustained defendants' motions for summary judgment and plaintiff appealed.

The alleged "Employee's Dishonesty" for which plaintiff seeks recovery is summarized briefly: Plaintiff, an automobile agency, employed a Mr. Roark as its sales manager. Roark, a licensed life insurance agent, with the knowledge and consent of plaintiff, wrote credit life insurance in conjunction with the financing of automobiles sold by plaintiff. A portion of the commissions earned for writing this insurance was ultimately received by plaintiff. However, in addition to the commissions plaintiff received, Roark secretly received commissions. In one of its petitions plaintiff alleged that it received a 55% commission on each policy of credit life insurance and that Roark secretly received a 10% commission on each policy. The 10% commission secretly received by Roark, without plaintiff's knowledge or consent, forms the basis for plaintiff's alleged "Employee's Dishonesty". Plaintiff was not licensed as an insurance agent.

Plaintiff proceeded on the theory that as Roark's employer it was entitled to receive all the commissions for the writing of the credit life insurance; that Roark's receipt of the secret commissions was fraudulent and in violation of his duties as an employee; and that Roark's fraudulent conduct, without its knowledge or consent, constituted "Employee's Dishonesty" within the terms of the insurance policies.

Defendants defended the action on the theory that plaintiff is attempting to do something indirectly which the law prohibits it from doing directly; that the Insurance Code of Oklahoma prohibits an insurer or a licensed insurance agent from paying any commissions or other valuable consideration to any person for services as an agent, unless that person is licensed; and plaintiff did not have a license to sell life insurance.

The trial court's order sustaining defendants' motion for summary judgment was based apparently on a conclusion that since plaintiff was not a licensed life insurance agent, Roark could not pay it any of the "commissions" earned by him, a licensed insurance agent, even though Roark was its employee and the insurance was written in conjunction with plaintiff's business.

36 O.S.1971, § 1407.1, subd. E provides that no firm or corporation shall be licensed to sell life insurance unless the business to be transacted thereunder is the sole purpose of the partnership agreement or articles of incorporation; and no corporation shall own any stock in, or be a partner in, any corporation or firm licensed under 36 O.S.1971, Article 14, which relates to life insurance agents.

Plaintiff concedes that it could not have been licensed as an agent to write credit life insurance. It argues, however, that its relationship with its employee, Roark, is governed by the law of agency, and that it may employ a licensed insurance agent to write credit life insurance in conjunction with its business, and the money received by the employee in the form of commissions, belongs to it so long as it does not perform services as an agent for the licensed employee.

Although the law of agency may govern the relationship between plaintiff and Roark, and such relationship is pertinent in the case at bar, our insurance code, 36 O.S.1971, § 101 et seq., prescribes who may pay and who may receive commissions or other valuable consideration for writing life insurance contracts.

Section 1403 of Article 14, supra, provides:

"Acting as agent without license prohibited; no commissions to be paid to unlicensed persons.—A. No person shall act as an agent within this state until he has procured a license as hereinafter required.

"B. No insurer or licensed insurance agent doing business in this state, shall pay directly or indirectly any commission, or other valuable consideration to any person for services as an agent within this state, unless such person holds a currently valid license to act as an agent; nor shall any person, other than a duly licensed agent, accept any such commission or other valuable consideration. * * *."

Plaintiff recognizes that since it is not a licensed life insurance agent that the above statute would prohibit Roark from paying it the commissions if it performed any services as an agent. Plaintiff argues, however, since it performed no services as an agent of Roark, it is entitled to the commissions and there is no prohibition against Roark paying them.

We will assume arguendo that plaintiff performed no services as an agent of Roark, i. e., it did not solicit, negotiate or procure any insurance contracts on behalf of Roark. However, this does not necessarily mean that plaintiff, acting through Roark, performed no services as an agent.

In one of its petitions, plaintiff alleged that "part of its business includes the placing of credit life insurance on the purchasers of automobiles. Whenever the purchaser desires to finance his automobile through plaintiff, plaintiff writes credit life insurance for the purchaser, when the purchaser desires it", and "plaintiff's right to receive the commissions on the sale of credit life insurance is a valuable property right and is an integral part of the subject matter of plaintiff's business as an automobile dealership."

Roark, in the course of his employment with plaintiff, performed an activity for plaintiff which plaintiff could not do, i. e., Roark wrote credit life insurance. The writing of the credit life insurance was done in the course of and in connection with Roark's employment, and was a part of plaintiff's business. From the record presented only one conclusion can be drawn and that is: The writing of the credit life insurance was a part of plaintiff's business, and plaintiff, acting through Roark, a licensed insurance agent, was performing services as an agent in soliciting, negotiating and procuring the credit life insurance contracts.

Section 1403, supra, specifically prohibits a licensed insurance agent from paying directly or indirectly, any commission or other valuable consideration, to any person for services as an agent unless such person holds a currently valid license to act as an agent.

Since plaintiff was not a licensed insurance agent but was performing services as an agent through its employee Roark, Roark could not pay plaintiff any commission or other valuable consideration for writing the credit life insurance.

■ We hold that an employee, who is a licensed insurance agent, shall not pay, directly or indirectly, to his employer, any commission or other valuable consideration, earned by him for writing credit life insurance in conjunction with his employer's business, unless the employer holds a current valid license as an insurance agent.

Our holding is in harmony with 36 O.S. 1971, § 1324, subd. B, which provides that no licensee shall share his commission or other compensation received on account of transactions under his license with any person not also licensed as an agent or solicitor.

■ Plaintiff, in effect, recognizes that unless Roark could pay to plaintiff the commissions Roark received, there was no "employee's dishonesty" within the terms of the insurance policies, and it would not be entitled to recovery against defendants.

Judgment of the Court of Appeals reversed; and judgment of the trial court affirmed.

All the Justices concur.